IN THE MATTER OF THE ESTATE OF PATRICK MULLIN,
DECEASED.
JAMES MULLIN v. LEWIS FITCHER, EXECUTOR.[1]

April 20, 1923.

No. 23,258.

**Assignments of error not discussed are waived.**
    1.  Errors assigned but not discussed are waived.

**Charge to jury on question of adjusting rents proper.**
    2.  There was no error in the instruction complained of, for the court
did not withdraw testimony admitted from a proper consideration by
the jury.

Action in the district court for Blue Earth county to set aside a
final account in the matter of the Estate of Patrick Mullin, deceased,
as to an item of $375, and to require defendant to pay that sum.
The case was tried before Comstock, J., who when defendant rested
denied plaintiff's motions for judgment on the pleadings and for a
directed verdict and at the close of the testimony defendant's motion
for dismissal and both parties' motions for directed verdicts, and a
jury which returned a verdict in favor of plaintiff.  From an order
denying his motion for judgment notwithstanding the verdict or for
a new trial, defendant appealed.  Affirmed.
    *C. J. Laurisch* and *Thomas Hughes*, for appellant.
    *William F. Hughes* and *J. A. Baker*, for respondent.

HOLT, J.
On January 22, 1918, Patrick Mullin, the father of James Mullin,
the respondent, conveyed to the latter 37.80 acres of land in Blue
Earth county.  The land had been let to a tenant for a cash rental
for several years prior to the conveyance, and thereafter the same
tenant continued to farm it.  Patrick Mullin died testate May 11,
1918, and the appellant, a son-in-law, was duly appointed executor

[1] Reported in 193 N. W. 168.

of the will. In the settlement of the estate the executor assumed control over said land and collected the rent accruing therefrom since January 22, 1918, amounting .to $375. · After the father's death, the executor and the children other than James brought suit to cancel the deed above mentioned. The cause of action was compromised and the suit dismissed, James paying $3,500 to the executor. The inference from the record is that thereafter James filed, in the probate court, a claim against the estate for the $375 rent collected by the executor; that the claim was disallowed; that the amount was included in the final account as an asset of the estate; that James Mullin objected to the allowance of the final account because of this item; that it was allowed; and that an appeal was taken to the district court. In the district court issues were framed, James Mullin filing a complaint alleging his ownership of the land by virtue of the deed from his father, and that, while such owner, the executor assumed control of the land and collected the $375 rent from the tenant. The answer admitted the collection of the rent, and as a defense alleged that, in the compromise of the action to set aside the deed from Patrick Mullin to James, the said item for rents collected was included and settled. The jury found the defense untrue, and the executor appeals from the order denying his motion in the alternative for judgment or a new trial.

The appeal was submitted on briefs. Errors assigned but not discussed in appellant's brief are to be deemed abandoned. 1 Dunnell, Minn. Dig. § 366. This eliminates the refusal to direct a verdict; to dismiss the appeal; the sufficiency of the evidence to sustain the verdict, and the court's instructions relative to the burden of proof. It leaves only that part of the charge dealing with the testimony of Mr. Wilson relative to his talk with James Mullin on the day previous to the day upon which the suit for the cancelation of the deed to James was dismissed.

Mr. Wilson was one of the attorneys for the executor in that suit. Called as a witness in this case he was finally permitted to testify to a talk had with James Mullin at the time referred to. The substance of this testimony was that he told James that the executor had been informed that in no event would James consider a settle-

ment which would exclude him from his share in the estate; that the executor had directed Wilson to inform James that the executor would make no settlement that would involve paying the rent collected to James; and that Wilson then said to James if the executor settles with him it will be on the theory that James pay him so much and take the land or if the executor keeps the land it will go into the estate and James would get his share but would not get any rent. That in answer James said that would be all right just so they understood it alike, and further that he did not care to sell, and placed the price which he was willing to pay at $1,000 or $1,500. At the next time they met Wilson told James that the executor would not do it. He further testified that after the jury was im-paneled the attorneys asked for a short recess in which to attempt a settlement; that negotiations then took place in which offers were made back and forth several times, but he did not remember that in those negotiations any reference was made to the rents.

Each party was then represented by two or three attorneys and the inference is that there was no direct communication between the parties themselves, but that the attorneys conveyed the different offers from one to the other. Two of James Mullin's attorneys testified positively that there was no mention of rents either in the negotiations for a settlement or in the settlement, and there is none to contradict. The pleadings are not here in the suit to set aside the deed referred to, but the reasonable inference is that no issue as to rents was presented therein by counterclaim or otherwise, for, had there been, it would have been of such apparent importance here that the attorneys for appellant would not have failed to bring that fact to the attention of the court.

In view of this state of the testimony the learned trial court rightly instructed the jury, in effect, that there had been no meeting of minds of the parties settling or adjusting the item of these rents prior to March 24, 1921, the date of the settlement and dismissal of the suit, and in order to find such settlement the jury must infer from what was said and done on last-named date, in the court-house, that the parties understood and agreed that the dismissal of the suit included a settlement or relinquishment by James Mullin

of this rent accruing after his receipt of the deed from his father. The court did not exclude a consideration of what occurred on the day previous to the settlement, but merely stated what the testimony clearly disclosed, namely, that there had been no settlement of this item of rent by what took place prior to the day of the dismissal of the suit. The charge did not withdraw the testimony of Mr. Wilson from the jurors' consideration, nor improperly limit its effect.

The order is affirmed.